UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>XAVIER HICKS,<br><br>    Defendant. | Case No. 24-cr-20606<br><br>Honorable Robert J. White |

**ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR CLARIFICATION OF SENTENCE (ECF No. 25), DEFENDANT'S MOTION FOR NUNC PRO TUNC ORDER TO CORRECT SENTENCE COMPUTATION (ECF No. 26), AND DEFENDANT'S MOTION FOR EXPEDITED RULING ON PENDING MOTIONS AND FOR CLARIFICATION OF SENTENCE (ECF No. 29)**

Defendant Xavier Hicks pled guilty to conspiracy to commit bank fraud under 18 U.S.C. § 1349. (ECF No. 8, PageID.16). On June 11, 2025, the Court sentenced Hicks to a total term of sixty-three months. (ECF No. 21, PageID.200). The Court then issued an amended judgment on August 11, 2025. (ECF No. 24, PageID.212). The Court stated explicitly that fifty-one months of Hicks' sentence were to run concurrent to a twenty-four-month sentence Hicks received in case

numbers 14-cr-20140-1 and 12-cr-20497-1.[1] (*Id.*).   Hicks would serve the other twelve months consecutive to his sentence in 14-cr-20140-1 and 12-cr-20497-1. (*Id.*).  The Court reiterated that Hicks would serve sixty-three months total, inclusive of the twenty-four months from case numbers 14-cr-20140-1 and 12-cr-20497-1. (*Id.*).

Unbeknownst to the Court at the time it sentenced Hicks, however, was that his sentence in case numbers 14-cr-20140-1 and 12-cr-20497-1 had fully expired as of March 11, 2025. (ECF No. 25, PageID.219).  Because Hicks had completed his prior sentence before the imposition of his new term, the Bureau of Prisons (BOP) treated the full sixty-three-month term as running consecutive to Hicks' prior sentence. (*Id.*).  So Hicks would serve an additional sixty-three months on top of the two years he spent in federal custody. (*Id.*).  The BOP's reading directly contradicted the Court's intent for Hicks to serve sixty-three months total. (ECF No. 24, PageID.212).

To remedy the BOP's misinterpretation, Hicks moved for (1) clarification of his sentence, (ECF No. 25), and a "nunc pro tunc" order to correct his sentence computation, (ECF No. 26).  Hicks moved for expedited relief on his pending motions. (ECF No. 29).  In addition to these motions, Hicks filed a petition for a writ

---

[1] The Court mistakenly listed 14-cr-20497-1 as the docket number in the August 11, 2025 amended judgment. (ECF No. 24, PageID.212).  The correct docket number is 12-cr-20497-1.

of habeas corpus under 28 U.S.C. § 2241. *Hicks v. Rardin*, No. 2:26-cv-10036 (E.D. Mich. Jan. 6, 2026), ECF No. 1.  Hicks' petition requested the Court declare the BOP's sentence computation unlawful and correct Hicks' sentence consistent with the judgment. *Id.* at PageID.2.

The United States and Hicks stipulated in Hicks' habeas case to construe Hicks' motion for clarification of sentence as a motion for relief pursuant to 28 U.S.C. § 2255.  Under § 2255(a), the Court may vacate, set aside, or correct a sentence "otherwise subject to collateral attack" at any time while the defendant is in federal custody.  The parties' stipulation vacated the amended judgment entered on August 11, 2025, (ECF No. 24), and re-imposed Hicks' sentence without a hearing.  The corrected sentence imposed a total term of thirty-nine-months in custody.  The Court entered the parties' stipulated order and will issue an amended judgment.  The Court will therefore deny Hicks' pending motions for clarification of sentence, (ECF No. 25), for a nunc pro tunc order, (ECF No. 26), and for an expedited ruling on his pending motions, (ECF No. 29), as moot.

\* \* \*

For the reasons given, the Court **ORDERS** that the motions for clarification of sentence (ECF No. 25), for a nunc pro tunc order (ECF No. 26), and for an expedited ruling (ECF No. 29) are **DENIED AS MOOT**.

Dated: March 16, 2026                     s/Robert J. White
                                          Robert J. White
                                          United States District Judge